316 March 7, 2013 No. 11

IN THE SUPREME COURT OF THE
STATE OF OREGON

CENTURYTEL, INC.,
*Appellant*,

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent*.

(TC 4826; SC S059502)

En Banc

On appeal from the Oregon Tax Court.

Henry C. Breithaupt, Judge.

Argued and submitted September 18, 2012; resubmitted January 7, 2013.

Gregg D. Barton, Perkins Coie, Seattle, argued the cause and filed the briefs for appellant. With him on the brief was Julia E. Markley, Portland.

Darren Weirnick, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent. With him on the brief were John R. Kroger, Attorney General, and Marilyn J. Harbur, Sr. Assistant Attorney General.

KISTLER, J.

The judgment of the Tax Court is affirmed.

**KISTLER, J.**

This case presents essentially the same issue that we decided in *Crystal Communications, Inc. v. Dept. of Rev.*, 353 Or 300, ___ P3d ___ (2013). CenturyTel, Inc., is a public utility subject to taxation under ORS 314.280. CenturyTel operated as a multistate, unitary business that, until 2002, provided both wireless and wireline telecommunications services. In 2002, CenturyTel sold its assets related to its wireless services but continued to provide wireline services. As in *Crystal*, CenturyTel reported the gain from the sale of its wireless assets as "nonbusiness income" and allocated that gain to its state of commercial domicile. On audit, the Department of Revenue (the department) reclassified the gain as apportionable "business income." CenturyTel challenged the department's reclassification, and the Tax Court, relying on its decision in *Crystal*, granted summary judgment in favor of the department. CenturyTel appealed to this court. Consistently with our decision in *Crystal*, we affirm the judgment of the Tax Court.

CenturyTel is a Louisiana corporation with its commercial domicile and principal place of business in that state. CenturyTel is the common parent of an affiliated group of controlled entities (the CenturyTel Group), which included a wholly owned subsidiary, CenturyTel Wireless, Inc. From 1985 until 2002, the CenturyTel Group provided wireless cellular telecommunications services through CenturyTel Wireless, Inc., in various areas of the United States. Before, during, and after the relevant tax years, the CenturyTel Group also provided wireline telecommunications services to rural areas and small to mid-sized cities in 22 states. Between 1983 and 2002, the CenturyTel Group periodically considered and acted upon opportunities to acquire and dispose of various interests in wireless and wireline assets.

In 2002, CenturyTel agreed to sell its wireless assets to ALLTEL Communications, Inc. The sale was completed on August 1, 2002, and, in exchange for the wireless assets described in the sale agreement, CenturyTel received approximately $1.59 billion.[1] CenturyTel used $1.179 billion

---

[1] That amount reflects the value of CenturyTel's wireless assets, with the exception of the CenturyTel Group's 49 percent partnership interest in one wireless

of that gain to finance the acquisition of wireline assets and used the remaining amount to pay off certain debts. After the sale, with the exception of its retained partnership interests, the CenturyTel Group's wireless operations were reflected as "discontinued operations" on its consolidated financial statements. For federal tax purposes, the transaction was treated as a "deemed liquidation and cessation" under IRC § 338(h)(10). CenturyTel continued to engage in its business of providing wireline telecommunications services.

The department accepted CenturyTel's IRC § 338(h)(10) election, and, on its 2002 state income tax returns, CenturyTel reported a capital gain of $820,863,205 from the asset sale transaction. For reasons similar to those stated by the taxpayer in *Crystal*, CenturyTel reported that gain as nonbusiness income allocable to Louisiana. The department audited CenturyTel's records and, among other adjustments, reclassified the gain as apportionable business income. CenturyTel sought review of the auditor's adjustment in the Tax Court, and the parties filed cross-motions for summary judgment in that court. The Tax Court ruled, as it had in *Crystal*, that the gain CenturyTel realized was apportionable income under ORS 314.280.

As in *Crystal*, CenturyTel is a multistate utility subject to taxation under ORS 314.280. That statute gives the department the authority to determine whether "income from [CenturyTel's] business activity" should be apportioned among the states in which CenturyTel engages in business, but it does not specify whether some or all of CenturyTel's income should be apportioned. On that issue, the department has adopted, by rule, the standards from the Uniform Division of Income for Tax Purposes Act (UDITPA), codified at ORS 314.605 to 314.675.[2] *See* OAR 150-314.280-(B) (adopting those standards). Under UDITPA, only "business income," which is defined both by statute and by rule, is

---

market and the assets purchased by certain partners in the CenturyTel Group's markets pursuant to those partners' rights of first refusal. The retained 49 percent partnership interest was excluded from the sale based on a cross-ownership restriction that precluded the sale of that interest. As the Tax Court noted, that retained interest and its associated assets "are not material for purposes of th[is] analysis."

[2] As a general matter, UDITPA governs taxation of income earned by businesses that are not subject to ORS 314.280.

subject to apportionment. *See* ORS 314.610(1) (defining business income under UDITPA); OAR 150-314.610(1)-(B) (defining business income for the purposes of UDITPA).

The issue in this case arises, as it did in *Crystal*, because CenturyTel argues that the income it realized when it liquidated its wireless subsidiary did not constitute "business income" as that phrase is defined in UDITPA. CenturyTel recognizes that the definition of business income in the rule implementing UDITPA is broad enough to encompass the income it realized, but it argues that the rule defining business income is invalid to the extent that it goes farther than the statutory definition of that phrase.

As we explained in *Crystal*, we need not decide whether the gain that CenturyTel realized when it sold its wireless subsidiary would be classified as business income within the meaning of UDITPA. Rather, in implementing ORS 314.280, the department adopted a rule that includes two definitions of business income—one comes from the statutory definition of that term in UDITPA, the other from the rule implementing that statutory definition. *See* OAR 150-314.280-(B) (incorporating both definitions of business income). For the reasons set out in *Crystal*, our goal in interpreting OAR 150-314.280-(B) is to give effect to both definitions, if possible. We can do that by interpreting the statutory definition incorporated in OAR 150-314.280-(B) consistently with *Hoechst Celanese Corp. v. Franchise Tax Board*, 25 Cal 4th 508, 22 P3d 324, *cert den*, 534 US 1040 (2001). So interpreted, the two definitions of business income in OAR 150-314.280-(B) are consistent with one another and reach the income that CenturyTel realized on the sale of its wireless subsidiary.[3]

---

[3] In its opening brief, CenturyTel asserted, without elaboration, that taxing businesses subject to ORS 314.280 (utilities and financial organizations) differently from businesses subject to UDITPA would violate the Uniformity Clause of the Oregon Constitution and the Equal Protection Clause of the federal constitution. We decline to reach those claims for the essentially the same reasons that we did in *Crystal*. Not only does CenturyTel's argument rest on a premise that we have not yet decided, but CenturyTel provides little or no reason to think that either the Uniformity Clause or the Equal Protection Clause would prevent the state from taxing utilities and financial institutions differently from other types of businesses. In these circumstances, we decline to reach CenturyTel's constitutional claims. *See State v. Montez*, 309 Or 564, 604, 789 P2d 1352 (1990) (declining to reach constitutional arguments that had been raised only in passing).

Given that holding, we need not reach CenturyTel's argument that the gain it realized does not constitute business income within the meaning of UDITPA. Conversely, we need not reach the department's argument that, viewed from a larger perspective, CenturyTel 's activities show that it was in the business of buying and selling wireless and wireline assets with the result that the gain it realized came within even CenturyTel's definition of business income under UDITPA. Rather, it is sufficient to hold that CenturyTel's gain was "business income" within the meaning of OAR 150-314.280-(B), the rule that the department enacted to implement ORS 314.280.

The judgment of the Tax Court is affirmed.